IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tyrone Mackey, | ) | C/A No. 0:24-4161-JD-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden, F.C.I. Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Tyrone Mackey, a self-represented federal prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief can be granted.

**I.     Factual and Procedural Background**

Petitioner is an inmate in the Federal Prison Camp Edgefield in South Carolina. Petitioner pled guilty in the United States District Court for the Eastern District of Louisiana to, among other offenses, conspiracy to commit murder under 18 U.S.C. § 1117. Cr. No. 2:05-cr-00168-ILRL-DEK-1. Petitioner was sentenced to 300 months' imprisonment on April 18, 2007. Petitioner now brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that the Federal Bureau of Prisons ("BOP") wrongly found that he was ineligible to earn time credits under the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). Petitioner claims the BOP mistakenly found that he had a conviction under 18 U.S.C. § 1111(a) (murder), which precludes prisoners form earning First Step Act time credits. However, he claims that he actually has a conviction under 18 U.S.C. § 1117 (conspiracy to commit murder), which

does not preclude prisoners from earning time credits. Petitioner asks the court to find that he is eligible to earn time credits under the First Step Act.

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[1] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* pleadings, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### B. Analysis

The court concludes that this action should be summarily dismissed. The First Step Act prohibits prisoners from earning time credits if they have a conviction for murder or conspiracy to

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

commit murder. 18 U.S.C. § 3632(d)(4)(D)(xxv). Therefore, even if the BOP mistakenly cited to the wrong federal statute in reviewing his request to earn time credits under the First Step Act, Petitioner's actual conviction precludes him from earning time credits. Consequently, Petitioner fails to state a claim upon which § 2241 relief can be granted.

### III.    Conclusion

Accordingly, the court recommends that the above-captioned case be dismissed without prejudice and without requiring the respondents to file a return.

August 29, 2024  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).