IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Mackey, | Case No.: 0:24-cv-4161-JD-PJG |
| Petitioner, | |
| vs. | **ORDER AND OPINION** |
| Warden, F.C.I. Edgefield, | |
| Respondent. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Paige J. Gossett (DE 11.), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina, concerning the Magistrate Judge's initial review of Petitioner Tyrone Mackey's ("Petitioner" or "Mackey") Section 2241 petition for habeas corpus.[1]

**A. Background**

Mackey, a pro se federal prisoner, seeks a writ of habeas corpus under 28 U.S.C. § 2241 against Respondent Warden F.C.I. Edgefield ("F.C.I. Edgefield" or "Respondent"). According to the Report (DE 11), Petitioner pleaded guilty in the United States District Court for the Eastern District of Louisiana to, among other offenses, conspiracy to murder under 18 U.S.C. § 1117. Cr. No. 2:05-cr-00168-ILRL-DEK-1. Petitioner was sentenced to 300 months' imprisonment on April 18, 2007.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that the Federal Bureau of Prisons ("BOP") wrongly found that he was ineligible to earn time credits under the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). Petitioner claims the BOP mistakenly found that he had a conviction under 18 U.S.C. § 1111(a) (murder), which precludes prisoners from earning First Step Act time credits. However, Petitioner points out that he was convicted under 18 U.S.C. § 1117 (conspiracy to commit murder), which he argues does not preclude prisoners from earning time credits. Petitioner asks the Court to find that he is eligible to receive time credits under the First Step Act.

**B. Report and Recommendation**

The Magistrate Judge reviewed Mackey's petition under the Rules Governing § 2254 Cases,[2] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of these precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Since Mackey is pro se, the Magistrate Judge also liberally construed his pleadings because he is held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016).

---

[2]    The Rules Governing Section 2254 apply to habeas actions brought under § 2241. *See* Rule 1(b).

Accordingly, on August 8, 2024, the Magistrate Judge issued the Report based on his initial review of the pleadings. The Report recommends Mackey's petition be summarily dismissed because the First Step Act prohibits prisoners from earning time credits if they have a conviction for murder or conspiracy to commit murder. *See* 18 U.S.C. § 3632(d)(4)(D)(xxv). On September 13, 2024, Mackey objected to the Report.

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Petitioner's Objection

Mackey objects to the Report's finding that "[t]he First Step Act prohibits prisoners from earning time credits if they have a conviction for murder or conspiracy to commit murder[]" (DE 14 at 1), making several arguments.

1. Earn vs. Receive and Conspiracy to Murder is an eligible offense

Mackey contends the Report incorrectly used the term "earning" when it should be "receiving" time credits "if a prisoner is serving a sentence for a conviction under any of the offenses listed as being ineligible" citing 18 U.S.C. § 3632(d)(4)(D). (DE 14 at 2.)  Mackey also asserts that the offense he pleaded guilty to is not listed as an ineligible offense under 18 U.S.C. § 3632(d)(4)(D)(xxv).  To begin with, the statute indeed provides,

> A prisoner is *ineligible to receive* time credits under this paragraph *if the prisoner is serving a sentence for a conviction under* any of the following provisions of law . . . *Any section of chapter 51, relating to homicide*, except for section 1112 (relating to manslaughter), 1113 (relating to attempt to commit murder or manslaughter, but only if the conviction was for an attempt to commit manslaughter), 1115 (relating to misconduct or neglect of ship officers), or 1122 (relating to protection against the human immunodeficiency virus).

18 U.S.C. § 3632(d)(4)(D)(xxv) (emphasis added.)  However, Mackey's earned versus received distinction is baseless in this case.  Mackey was convicted of an offense under Chapter 51 relating to homicide.  Chapter 51 of Title 18, United States Code includes section 1117, Conspiracy to Murder, which is Mackey's offense of conviction.  So conspiracy to murder is an offense related to homicide, and thus Mackey is ineligible to receive time credits.  Accordingly, the Report need not list offenses inapplicable,

4

and the Report interposing "earn" for "receive" is immaterial here. Thus, the Court overrules this objection.[3]

> 2. Administrative Interpretation of 18 U.S.C. § 3632(d)(4)(D)(xxv) and the BOP's failure to update Petitioner's status to receive the time credits.

Mackey contends "this case involves the administering agency's interpretation of 18 U.S.C. § 3632(d)(4)(D)(xxv)[,]" and this Court is required to "exercise [its] independent judgment in deciding whether an agency has acted within its statutory authority, and courts may not defer to an agency's interpretation of the law[.]" (DE 14 at 3.) Mackey argues his time-credit status should be updated to reflect his eligibility. (*Id.*) Given the Court's independent ruling that conspiracy to murder is an offense related to homicide and thus he is ineligible to receive time credits under 18 U.S.C. § 3632(d)(4)(D)(xxv), the Court overrules this objection.

**E. Conclusion**

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 11) and incorporates it here by reference.

It is, therefore, **ORDERED** that Mackey's petition is dismissed without prejudice and without requiring Respondent to file a return. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed

---

[3] Mackey also objects to the Report because he alleges the BOP mistakenly found that he had a conviction under 18 U.S.C. § 1111(a). (DE 14 at 2.) At any rate, the Report correctly notes this error but states, "even if the BOP mistakenly cited to the wrong federal statute in reviewing his request to earn time credits under the First Step Act, Petitioner's actual conviction precludes him from earning time credits." (DE 11 at 3.) Thus, the Court overrules this objection.

to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS** SO **ORDERED**.

---

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 4, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within sixty (60) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.